Emma L. Lewis, Appellee, v. Roy Vanier et al., Appellants.

No. 45114.

March 12, 1940.

Hiram S. Hunn, for appellee.

Lehmann, Hurlburt & Hossfeld, for appellant Roy Vanier.

Francis J. Kuble, County Attorney, and Howard M. Hall, Assistant County Attorney, for appellants G. C. Greenwalt, treasurer, and Polk County.

Sager, J.—The facts are not in dispute. George H. Lewis, an honorably discharged soldier of the Civil War, died owning the property in question. It was his homestead and his widow, remaining unmarried, continued to occupy it. It was worth

something under $3,000. In 1915 she made application to the assessor for exemption and it was allowed. This exemption continued until 1932. She next applied in 1931 and not again until the fall of 1938 when she received notice of expiration of the tax redemption period. Defendant Vanier is the holder of a certificate of tax sale for general taxes for 1933 and 1934. Appellee states the controversy before us in this language:

"There is but one question in this record, to-wit: whether the appellee is required to file a claim for exemption every year. Admittedly she filed claim but once and that was in 1915."

This date (1915) seems to be in conflict with the stipulation of the parties that application was made in 1931. This seeming conflict is of no importance because no application was made for the years for which the property was sold for taxes. Appellee sums up her argument in this way:

"The appellee urges that the single question presented be resolved by an interpretation of the applicable statutes to the effect that once the war veteran, entitled to an exemption has made claim for it, he may thereafter rest upon that claim; and thereafter it becomes the duty of the assessor to take the burden, ascertain that the conditions prerequisite to the right of exemption still exist and, finding affirmatively, to then apply the exemption by including appellee in the list of exemptioners returned to the Auditor annually, as required by Code Section 6949."

The trial court took this view and entered decree in plaintiff's favor.

Section 6946, Code of 1935, provides in part as follows:

"The following exemptions from taxation shall be allowed: 1. The property, not to exceed three thousand dollars in actual value * * * of any honorably discharged union soldier, * * * of * * * the war of the rebellion. * * * 5. The property, to the same extent, of the widow remaining unmarried. * * *"

Section 6948 declares:

"Listing by assessors. The beneficiary of exemptions allowed by sections 6946 and 6947 shall file with the assessor a written statement that he is the owner of the property on which the exemption is claimed, and every assessor shall annually make a list of persons entitled to such exemptions and return such list to the county auditor upon forms to be furnished by the auditor for that purpose; but the failure on the part of any assessor so to do shall not affect the validity of any exemption."

Section 6949 reads:

"If no such statement is filed, no exemption shall be allowed by the assessor, but it may be allowed by the board of supervisors if such statement is filed before September first of the year following the year for which the same is claimed."

We think the trial court was in error in holding in effect that application for exemption need not be made every year. Not only does the language of the statute require a contrary construction, but its history seems to demand it. Section 6949 declares that, if no claim for exemption is filed with the assessor, the board *may* allow the exemption if the statement is filed before September 1st "of the year following *the year for which the same is claimed.*" (Italics inserted.)

Going back to the Code Supplement of 1907, the subject matter of this legislation appeared as subdivision 7 of section 1304. By this an exemption was automatically granted. The duty was laid upon the assessor to annually make a list of exemptioners. No action on the part of the property owner was required although he might waive his right. This subdivision was repealed and a substitute enacted as chapter 62, Acts of the Thirty-fourth General Assembly. By the new enactment the assessor was again charged with making the list annually, and no action required of the property owner. Chapter 115, Acts of the Thirty-fifth General Assembly, struck from said chapter 62 the last four lines thereof. This was substituted for the stricken portion:

"All soldiers, sailors or widows thereof, referred to herein shall receive a reduction of twelve hundred dollars ($1200.00), the same to be made from the homestead of such soldier or widow, if he or she shall so own a homestead of the value of such exemption, otherwise out of such property as shall be designated and owned by the soldier, sailor or widow. Such designation to be made either to the assessor or by writing filed with the county auditor on or before July 1st, each year."

It will be observed that the exemption still automatically exists and the duty of the assessor to make the list of exemptions remains. The law as made by the foregoing enactments appeared as subdivision 7, section 1304, 1913 Code Supplement. No requirement yet appears that the property owner must make any claim for exemption. By an act of the Thirty-sixth General Assembly, appearing as section 1304-1a, Supplemental Supplement to Code, 1915, there appears for the first time in the history of this legislation an express statement as follows:

"The beneficiary of the exemption * * * shall file with the assessor a statement under oath that he is the owner of the real property on which such exemption is claimed. Such statement shall be returned by the assessor to the county auditor, and, if no such statement be so filed, no exemption shall be allowed by the assessor, but may be allowed by the board of supervisors if filed before September first of the year for which the same is claimed."

By an act of the Thirty-seventh General Assembly, chapter 191, section 1304-1a of the Supplemental Supplement to Code, 1915, was repealed and a substitute enacted. Here again the exemption is automatically applied and the assessor is still charged with the duty of making out and returning the list annually to the county auditor.

The statute as it stood after the enactments above referred to was again repealed by chapter 144, Acts of the Thirty-ninth General Assembly, which enacted a law substantially as it is now except that the statement was required to be under oath. An

act of the Fortieth General Assembly, chapter 144, struck out the requirement that the application be sworn to and the words "in writing" were substituted. The law has since remained the same.

A consideration of the language of the statute and its history persuades us that it was the intent of the legislature that those who wished to make the claim for exemption must do so every year. It is unfortunate that this plaintiff may have been misled by the practice of the taxing authorities in allowing the exemption without application, but that conduct cannot change the plain meaning of the statute.

The decree of the trial court is accordingly reversed.— Reversed.

HAMILTON, C. J., and STIGER, BLISS, and RICHARDS, JJ., concur.

OLIVER, MILLER, HALE, and MITCHELL, JJ. dissent.